# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| M.J., by and through her next friend and mother, NIESHA OLIVER, ) ) ) | |
| Plaintiff, ) ) | |
| ) | Case No. |
| v. ) ) | |
| FORD MOTOR COMPANY, INC., ) A Delaware Corporation, and ) JOHN DOE, a Missouri Resident, ) ) | JURY TRIAL DEMANDED |
| Defendant. ) | |

## DEFENDANT FORD MOTOR COMPANY'S
## NOTICE OF REMOVAL

Defendant Ford Motor Company ("Ford") hereby gives notice of the removal of this action from the Circuit Court of St. Louis County, the 21st Judicial Circuit of Missouri, to the United States District Court for the Eastern District of Missouri pursuant to 28 U.S.C. 1441 *et seq.* and E.D. Mo. L.R. 2.03. In support of this Notice of Removal, Ford alleges and states as follows:

### PROCEDURAL BACKGROUND AND RELEVANT FACTS

1. This action arises out of an August 31, 2017 automobile accident (the "Subject Accident") involving a 2010 Ford Fusion (the "Subject Vehicle") driven by decedent Bryant Johnson. [Petition for Damages at ¶¶ 5, 7, 13-14, attached as Exhibit 1].

2. Plaintiff filed this action, styled *M.J., by and through her next friend and mother, Niesha Oliver v. Ford Motor Company and John Doe*, Case No. 19SL-CC01287, in the Circuit Court of St. Louis County, Missouri. [Ex. 1]. Plaintiff's Petition alleges,

*inter alia*, that Ford is liable for the wrongful death of her father, Bryant Johnson, which was allegedly caused by some defective condition of the Subject Vehicle. [Ex. 1, Counts I and II].

3. Plaintiff's Petition asserts three separate causes of action: (I) strict product liability against defendant Ford; (II) negligence against defendant Ford; and (III) negligent seller against unknown defendant.  In each of her three counts, Plaintiff alleges that she has been damaged "in an amount in excess of Twenty-Five Thousand Dollars. [Ex. 1, ¶¶ 27, 38, and 49].  Plaintiff also seeks punitive damages. [Ex. 1, ¶¶ 28 and 39].

4. Plaintiff's Petition states that Plaintiff is a resident of Missouri, that Ford Motor Company is a Delaware corporation, and that defendant John Doe, an unknown person, is a Missouri resident. [Ex. 1, ¶¶ 1-3].

## BASIS FOR REMOVAL

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, which confers original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

## COMPLETE DIVERSITY EXISTS

6. Plaintiff is currently a resident of Missouri. [Ex. 1, ¶ 1].  Residence is prima facie evidence of domicile, and domicile is synonymous with citizenship for purposes of diversity jurisdiction. *Hrastich v. Advanced Auto Parts, Inc.*, 2014 WL 3341121 at *2 (E.D. Mo. July 8, 2014); *Janzen v. Goos*, 3022 F.2d 421, 424 (8th Cir. 1962). Plaintiff, therefore, is a citizen of Missouri.

7. Ford is a Delaware corporation with its principal place of business located in the State of Michigan. Thus, Ford is a citizen of Delaware and Michigan for purposes of determining diversity of citizenship under 28 U.S.C. § 1332(c)(1). *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010).

8. Although Plaintiff's Petition alleges that defendant John Doe is a Missouri resident, 28 U.S.C. § 1441(b)(1) "expressly states that the citizenship of fictitious defendants should be disregarded in determining whether a civil action is removable." *Noble v. Ozborn-Hessey Logistics*, 2015 WL 852392 at *3 (W.D. Mo. Feb. 26, 2015) (citing *Dahl v. R.J. Reynolds Tobacco Co.*, 478 F.3d 965, 968 (8th Cir. 2007)).

9. Accordingly, defendant John Doe's citizenship should be disregarded for purposes of determining whether this civil action is removable; therefore, complete diversity of citizenship exists between Plaintiff and Defendants as required by 28 U.S.C. § 1332(a)(1).

## THE AMOUNT IN CONTROVERSY IS SATISFIED

10. With regard to amount in controversy, Plaintiff's Petition alleges three counts, each of which separately states "Plaintiff has been damaged in an amount in excess of Twenty-Five Thousand Dollars." [Ex. 1, ¶¶ 27, 38, and 49]. *See* Mo. R. Civ. P. 55.05 (stating that "in actions for damages based upon alleged tort, no dollar amount shall be included in the demand except to determine the proper jurisdictional authority").

11. Plaintiff seeks to recover damages for the alleged wrongful death of her father, including loss of love, caring, support, financial support, loss of expected future

earnings and future inheritance, parental care and guidance, emotional damage, and loss of comfort and companionship. [Ex. 1, ¶¶ 26, 37, and 48].

12. In addition to compensatory damages, Plaintiff has alleged Ford's conduct justifies an award of "punitive damages in such a sum as will serve to punish Ford and deter Ford and others from like conduct in the future." [Ex. 1, ¶¶ 28 and 39].

13. A defendant's notice of removal need only include a "plausible allegation" that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014) (citing 28 U.S.C. § 1446(a)).

14. According to the Eighth Circuit Court of Appeals, it is a "well settled rule" that multiple claims of a single plaintiff may be properly aggregated to satisfy the jurisdictional amount. *Lynch v. Porter*, 446 F.2d 225, 228 (8th Cir. 1971). Since Plaintiff has alleged three separate counts, each of which alleges damages in excess of $25,000, the aggregate amount in controversy exceeds $75,000.

15. Further, where a plaintiff seeks recovery for wrongful death, courts have readily found the amount in controversy is met. *See, e.g., Consumers Ins. USA, Inc. v. Fleetwood*, 2012 WL 13027386 at *2 (W.D. Mo. May 16, 2012) (holding that the amount in controversy was satisfied where Plaintiff identified various Missouri cases illustrating that wrongful death claims in Missouri are typically worth more than $75,000); *see also Foster v. Catalina Indus.*, 55 S.W.3d 385, 389 (Mo. Ct. App. 2001); *Cole v. Goodyear Tire & Rubber*, 967 S.W.2d 176, 179, 182 (Mo. Ct. App. 1998); and *Letz v. Turbomeca Engine*, 975 S.W. 2d 155, 163 (Mo. Ct. App. 1997).

16. Finally, punitive damages are properly considered in determining whether the amount in controversy has been satisfied. *Bell v. Preferred Life Assur. Soc'y of Montgomery, Ala.*, 320 U.S. 238, 240 (1943).

17. Based on the nature of Plaintiff's claims for damages arising from the wrongful death of a parent, the amount of damages expressly sought by her Petition, and her demand for punitive damages, it is readily apparent that the amount in controversy exceeds $75,000 for purposes of 28 U.S.C. 1332.

18. Accordingly, this action is removable to this Court pursuant to 28 U.S.C. §§ 1441(a) and 1332(a).

## PROCEDURAL REQUIREMENTS FOR REMOVAL

19. This lawsuit was filed on March 26, 2019, and Ford was served on May 28, 2019. [Service of Process Transmittal, attached as Exhibit 2]. Accordingly, this Notice of Removal is timely filed within 30 days after service of a summons upon the defendant Ford pursuant to 28 U.S.C. § 1446(b)(1).

20. As required by 28 U.S.C. § 1446(a) and (d) and E.D. Mo. L.R. 2.03, Ford shall file written notice of the removal in the state court proceeding, serve a copy of the same on Plaintiff, file proof of filing the notice with the clerk of the state court and proof of service on all adverse parties, and file a copy of all process, pleadings, orders and other documents then on file in the State Court. [*See* Docket Sheet and State Court Filings, collectively attached as Exhibit 3].

21. This case is properly removed to this Court pursuant to 28 U.S.C. 1441 *et seq.* because Ford has satisfied the procedural requirements for removal and this Court

has original subject matter jurisdiction over this action, as the amount in controversy exceeds the sum of $75,000, exclusive of costs and interests, and there is complete diversity between Plaintiff and defendants.

22. Ford reserves all defenses, including, without limitation, those set forth in Fed. R. Civ. P. 12(b).

**WHEREFORE**, Defendant Ford Motor Company respectfully gives notice that, pursuant to 28 U.S.C. § 1441 *et seq.* and E.D. Mo. L.R. 2.03, the matter styled *M.J., by and through her next friend and mother, Niesha Oliver v. Ford Motor Company and John Doe*, Case No. 19SL-CC01287, has been removed from the Circuit Court of St. Louis County, Missouri, to the United States District Court for the Eastern District of Missouri.

Respectfully submitted,

 */s/ Sherry A. Rozell*
Sherry A. Rozell, Mo. Bar No. 34131
MCAFEE & TAFT, P.C.
Two West 2nd Street, Suite 1100
Tulsa OK 74103
(918) 587-0000; (918) 599-9317 (fax)
sherry.rozell@mcafeetaft.com

Steven E. Ward, Mo. Bar No. 43285
MCAFEE & TAFT, P.C.
4050 S. Fairview Avenue
Springfield, MO 65807
(417) 409-6000; (417) 409-6050 (fax)
steve.ward@mcafeetaft.com

**ATTORNEYS FOR DEFENDANT FORD MOTOR COMPANY**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 27, 2019, a true and correct copy of the above and foregoing document was electronically filed and served via email and U.S. Mail to:

Julie Siegel
FRANKEL, RUBIN, KLEIN,
SIEGEL, PAYNE & PUDLOWSKI, P.C.
231 S. Bemiston Ave., Ste. 1111
Clayton, MO  63105
jsiegel@frankelrubin.com
***Attorney for Plaintiff***

　　　　　　　　　　　　　　　　　　　　　　　 */s/ Sherry A. Rozell*