IN THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI
21ST JUDICIAL CIRCUIT

| | |
|---|---|
| M█████ J█████, by and through, her next friend and mother, NIESHA OLIVER, | ) ) ) |
| Plaintiff, | ) ) ) |
| Vs. | ) Cause No. ) |
| FORD MOTOR COMPANY, a Delaware Corporation, | ) Division ) ) |
| SERVE: The Corporation Company 120 South Central Avenue Clayton, Missouri 63105 | ) ) ) ) ) ) |
| JOHN DOE, a Missouri resident, Hold Service | ) ) ) ) |
| Defendant. | ) |

### PETITION FOR DAMAGES

COMES NOW Plaintiff, M█████ J█████, by and through her next friend and mother, Niesha Oliver, and for her cause of action against Defendant Ford Motor Company (hereinafter referred to as "Ford"), states as follows:

### ALLEGATIONS RELEVANT TO ALL COUNTS

1. Plaintiff, M█████ J█████ is, and at all times relevant to this cause of action was, a minor child, acting through her next friend and natural mother, duly appointed by this Court, and a resident of St. Louis County, Missouri.

2. Defendant Ford is now and was at all times relevant to this cause of action a Delaware corporation registered to do business in the State of Missouri. Defendant Ford did and

**EXHIBIT 1**

does substantial and continuous business activity in the State of Missouri and derives substantial and continuous revenue from its business activities in the State of Missouri and is therefore subject to the jurisdiction of this Court.

3. John Doe, an unknown person, is, and at all times relevant to this cause of action was, a Missouri resident.

4. Upon information and belief, in 2017, the decedent, Bryant Johnson, purchased the 2010 Ford Fusion from John Doe, an unknown resident of the state of Missouri, and this Petition will be amended to name such resident after a reasonable time for discovery.

5. Defendant Ford is, and at all times material and relevant to this cause of action was, engaged in the business of designing, manufacturing, assembling and selling automobiles. Defendant Ford designed, manufactured, assembled, sold, supplied and/or distributed the 2010 Ford Fusion, Vehicle Identification Number 3FAHP0JA3AR286083, involved in the subject automobile accident.

6. Defendant Ford, sold, distributed, marketed and otherwise placed the 2010 Ford Fusion referenced above into the stream of commerce.

7. Plaintiff M█████ J█████ is, the natural daughter of Bryant Johnson, who was the owner of a 2010 Ford Fusion, bearing the VIN number 3FAHP0JA3AR286083.

8. Plaintiff M█████ J█████ is a member of the class of persons entitled to bring an action for the wrongful death of Bryant Johnson pursuant to RSMo. §537.080.

9. Defendant Ford is now, and at all times mentioned in this cause of action was, in the business of designing, manufacturing, constructing, assembling, inspecting, and selling various types of vehicles, including the steering wheel and steering column, of the Ford Fusion owned and operated by Bryant Johnson.

10. Bryant Johnson was using the vehicle manufactured by Defendant Ford for its intended purposes and in a reasonably anticipated manner.

11. The State of Missouri has Jurisdiction as Defendant Ford maintains offices for the transaction of its usual business in St. Louis, Missouri and regularly places vehicles for sale within the state of Missouri, including a plant that manufactures vehicles.

12. Venue is proper in St. Louis County pursuant to RSMo. 508.010 as the decedent was operating his vehicle in St. Louis County when defective product was discovered, and the tortious acts and/or omissions giving rise to this cause of action occurred in St. Louis County.

13. On or about August 31, 2017, Bryant Johnson was operating the Ford Fusion referenced above when the steering wheel on the vehicle, suddenly and without warning, dislodged from the steering column causing Bryant Johnson to be unable to operate the vehicle, crashing into a pole at the intersection of West Florissant and Ferguson.

14. Bryant Johnson died as a result of injuries he sustained from the crash on August 31, 2017.

## COUNT I
## (STRICT PRODUCT LIABILTY AGAINST DEFENDANT FORD)

COMES NOW Plaintiff, M█████ J█████, by and through her next friend and mother Niesha Oliver, and for Count I of her cause of action against Ford, states as follows:

15. Plaintiff restates and realleges the allegations as set forth in Paragraphs 1 through 12 of this Petition with the force and effect as if fully restated herein.

16. In 2010, Defendant Ford manufactured the 2010 Ford Fusion that is subject to this lawsuit.

17. Defendant Ford also manufactured the steering wheel that was put in the 2010 Ford Fusion by employees of Defendant Ford at the time the vehicle was manufactured.

Electronically Filed - St Louis County - March 26, 2019 - 09:59 AM

18. Defendant Ford assembled the 2010 Ford Fusion at one of its plants, including assembling the steering column and steering wheel.

19. At all times, the steering wheel placed in decedent's 2010 Ford Fusion was defectively designed as it was not satisfactorily bolted onto the steering column to prevent it from dislodging from the column.

20. At all times, the steering wheel was defectively manufactured as it did not have splines that would keep the steering wheel attached to the steering column.

21. At all times, the steering wheel was defectively installed in the 2010 Ford Fusion as it was not installed in a manner that would prevent it from dislodging during use.

22. The 2010 Ford Fusion and steering wheel as manufactured, maintained, assembled and/or produced contained a defect making the 2010 Ford Fusion unsafe.

23. No changes were made to the steering wheel or steering column of the 2010 Ford Fusion owned by Bryant Johnson and being operated by Bryant Johnson on August 31, 2017.

24. As a direct and proximate result of the result of the unsafe design, manufacturing, assembly and/or installation of the steering wheel of the 2010 Ford Fusion owned by decedent, Bryant Johnson, the steering wheel dislodged causing decedent to be unable to steer the 2010 Ford Fusion, thereby crashing it into a pole.

25. As a direct and proximate cause of the defective design, manufacture, assembly or installation of the steering wheel, Bryant Johnson died.

26. Plaintiff has been damaged by the loss of her father, Bryant Johnson, by way of loss of love, caring, support, financial support, and other such similar damages.

27. Plaintiff has been damaged in an amount in excess of Twenty-Five Thousand Dollars.

28. The conduct of Defendant Ford showed complete indifference to and/or conscious disregard for the safety of the Decedent, Bryant Johnson, and others like him, and was willful, wanton, and/or in reckless disregard for the rights of Plaintiff and others, thereby justifying an award of punitive damages in such a sum as will serve to punish Ford and deter Ford and others from like conduct in the future

WHEREFORE, Plaintiff, M███ J███, by and through her next friend Niesha Oliver, prays this court enter its judgment in her favor and against Defendant Ford Motor Company, for an amount which is fair and reasonable and in excess of Twenty-Five Thousand Dollars to compensate her for her damages, her costs incurred herein, and for any such further relief as this Court deems just and proper.

## COUNT II
### (NEGLIGENCE AGAINST DEFENDANT FORD)

COMES NOW Plaintiff, M███ J███, by and through her next friend, Niesha Oliver, and for Count II of this Cause of action against Defendant Ford, states as follows:

29. Plaintiff restates, realleges and incorporates by reference each and every allegation set forth in Paragraphs 1-12 and Paragraphs 13-27 of Count I with the same force and effect as if fully restated herein.

30. At all times, Defendant Ford was responsible for the design, construction, manufacturing and control of the 2010 Ford Fusion as is the subject of this Petition.

31. At all times, Decedent, Bryant Johnson was operating the 2010 Ford Fusion that is the subject to this lawsuit for the purposes for which it was intended.

32. That on August 31, 2017, without warning, the steering wheel of the aforementioned vehicle, without warning, dislodged from the steering column, rending the vehicle unable to be steered.

Electronically Filed - St Louis County - March 26, 2019 - 09:59 AM

33. On August 31, 2017, Decendent Bryant Johnson was operating his vehicle on Ferguson Road, at or near the intersection of Ferguson and West Florissant, when the steering wheel dislodged, causing Decedent to crash into a pole.

34. At all times Defendant Ford had a duty to use ordinary care to design, manufacture, build, and construct a vehicle that could be used for its intended purpose free from defect.

35. That on or about August 31, 2017, the steering wheel of the 2010 Ford Fusion referenced above was negligently designed, manufactured, assembled and/or installed.

32. Defendant Ford owed to its customers and the public a duty to design, manufacture, sell and distribute safe and working automobiles that were not defective or otherwise unreasonably dangerous to use, and the duty to adequately warn its customers and the public about any defective or otherwise unreasonably dangerous conditions of its automobiles.

33. At the time of Plaintiff's injury, the subject Ford Fusion was being used in a manner reasonably anticipated by Defendant Ford.

34. Defendant Ford failed to use due care under the circumstances and was thereby negligent in its performance and in breach of its duties to Plaintiff and others.

35. The defective conditions of the subject Fusion and resulting death to Bryant Johnson was the direct and proximate result of the negligence and carelessness of Defendant Ford in the following respects:

    a. Defendant Ford failed to exercise ordinary care in designing and manufacturing the subject Fusion;

b. Ford negligently and carelessly entered the defective Ford Fusion into the stream of commerce;

c. Ford negligently and carelessly sold the defective Fusion despite the manufacturing and/or design defects as identified above;

d. Ford negligently and carelessly designed the defective Fusion with a defective steering wheel;

e. Ford negligently and carelessly manufactured the defective Fusion with defective steering wheel;

f. Ford negligently and carelessly failed to discover the defects of the Fusion identified above prior to selling or entering it into the stream of commerce;

g. Ford negligently and carelessly failed to adequately warn that the 2010 Ford Fusion identified above was defectively and unreasonably dangerous;

h. Ford negligently and carelessly failed to adequately warn that the 2010 Ford Fusion was defectively and unreasonably dangerous after Ford had active and/or constructive knowledge of the unreasonably dangerous and defective conditions;

i. Ford negligently and carelessly failed to provide users with adequate instructions or testing procedures regarding proper inspection, maintenance or repair of the defects existing on the Ford Fusion;

j. Defendant Ford negligently and carelessly failed to adequately inspect and/or test the Ford Fusion for its intended use;

k.  Defendant Ford negligently failed to recall each vehicle for which the above defects existed and ensure that each was repaired;

36. As a direct result of the negligence of Defendant Ford and the dangerous and defective conditions of the subject Ford Fusion, Decedent, Bryant Johnson died.

37. Plaintiff has been damaged by the loss of her father, Bryant Johnson, by way of loss of love, caring, support, financial support, and other such similar damages.

38. Plaintiff has been damaged in an amount in excess of Twenty-Five Thousand Dollars.

39. The conduct of Defendant Ford showed complete indifference to and/or conscious disregard for the safety of the Decedent, Bryant Johnson, and others like him, and was willful, wanton, and/or in reckless disregard for the rights of Plaintiff and others, thereby justifying an award of punitive damages in such a sum as will serve to punish Ford and deter Ford and others from like conduct in the future.

WHEREFORE, Plaintiff, M█████ J█████ by and through her next friend Niesha Oliver, prays this court enter its judgment in her favor and against Defendant Ford Motor Company, for an amount which is fair and reasonable and in excess of Twenty-Five Thousand Dollars to compensate her for her damages, her costs incurred herein, and for any such further relief as this Court deems just and proper.

## COUNT III
### (NEGLIGENT SELLER AGAINST UNKNOWN DEFENDANT)

COMES NOW Plaintiff, M█████ J█████, by and through her next friend, Niesha Oliver, and for Count II of this Cause of action against Defendant Ford, states as follows:

40. Plaintiff restates, realleges and incorporates by reference each and every allegation of Paragraphs 1-14, Paragraphs 15-28 of Count I, and Paragraphs 29-39 of Count II with the same force and effect as if fully restated herein.

41. On or about July 6, 2017 Defendant John Doe was a dealer, distributor or vendor of used vehicles, and more particularly the 2010 Ford Fusion as more particularly described above.

42. On July 6, 2017, Defendant John Doe sold the 2010 Ford Fusion to the decedent, Bryant Johnson.

43. The 2010 Ford Fusion sold by Defendant John Doe contained a design and/or manufacturing defect whereby the steering wheel would become dislodged during regular use.

44. Defendant John Doe knew, or, with the use of ordinary care, could have known of the defective condition of the 2010 Ford Fusion it sold to Decedent Bryant Johnson prior to placing the vehicle in the stream of commerce.

45. The decedent, Bryant Johnson, used the 2010 Ford Fusion in its anticipated use by driving the vehicle on a public thoroughfare in St. Louis County when he crashed the vehicle into a pole.

46. As a direct and proximate cause of the Decedent putting the vehicle to its intended use, Decedent died.

47. As a result of Defendant negligently and carelessly selling the defective product Plaintiff was damaged by the death of her father, Bryant Johnson.

48. As a direct and proximate result of the death of Bryant Johnson, Plaintiff sustained the following damages:

    a. Loss of love and support.

    b.    Loss of expected future earnings and future inheritance.

    c.    Loss of parental care and guidance.

    d.    Plaintiff sustained emotional damage.

    e.    Loss of care, support and maintenance.

    f.    Loss of love, comfort and companionship.

49.    Plaintiff has been damaged in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00).

WHEREFORE, Plaintiff, M[REDACTED] J[REDACTED], by and through her next friend Niesha Oliver, prays this court enter its judgment in her favor and against Defendant Ford Motor Company, for an amount which is fair and reasonable and in excess of Twenty-Five Thousand Dollars to compensate her for her damages, her costs incurred herein, and for any such further relief as this Court deems just and proper.

FRANKEL, RUBIN, KLEIN, SIEGEL
PAYNE & PUDLOWSKI, P.C.

_/s/ Julie Siegel_
JULIE L. SIEGEL, MBEN 45839
Attorney for Plaintiff
231 S. Bemiston Ave., Suite 1111
Clayton, MO 63105-1914
(314) 725-8000 Telephone
(314) 726-5837 Facsimile
jsiegel@frankelrubin.com