# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| M.J. by and through her next friend NIESHA OLIVER, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Case No. 4:19CV1846 HEA |
| FORD MOTOR COMPANY, et al., ) ) | |
| Defendants. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter was originally filed in the Circuit Court of St. Louis County, Missouri on March 26, 2019 by Plaintiff M.J. by and through her next friend, Niesha Oliver ("Plaintiff") against Defendants Ford Motor Company ("Ford") and one John Doe. On June 27, 2019, Ford removed the case to this Court. On July 5, 2019, Ford filed its Motion to Dismiss for Lack of Jurisdiction [Doc. No. 5]. A hearing on the Motion was held on August 29, 2019. For the reasons enumerated below, the Court finds that there is no personal jurisdiction over Ford. Ford's motion will be granted.

## Facts and Background[1]

---

[1] The recitation of facts is taken from Plaintiff's Complaint for the purposes of this motion only. It in no way relieves the parties of the necessary proof thereof in later proceedings.

Plaintiff is the natural daughter of the decedent, Bryant Johnson.  Plaintiff is a minor child who resides in St. Louis County, Missouri.  Ford is a Delaware Corporation whose business includes designing, manufacturing, assembling, and selling automobiles.  Ford is registered to do business in the State of Missouri, does substantial and continuous business activities in the State of Missouri, and derives substantial and continuous business revenue from its business activities in the State of Missouri.  Ford maintains offices in St. Louis, Missouri, places vehicles for sale in Missouri, and has a manufacturing plant in Missouri.  Plaintiff does not allege that the Vehicle in question was manufactured in Missouri or sold by Ford to any party in Missouri.

Ford designed, manufactured, assembled, and supplied the 2010 Ford Fusion with the vehicle identification number 3FAHP0JA3AR286083 (the "Vehicle").  Ford sold, distributed, marketed and otherwise placed the Vehicle into the stream of commerce.  Ford also designed, manufactured, constructed, assembled, and inspected the steering wheel and steering wheel column of the Vehicle.  Decedent Bryant Johnson owned the Vehicle.  On August 31, 2017, Bryant Johnson was operating the Vehicle for its intended purposes and in a reasonably anticipated manner when the steering wheel of the Vehicle suddenly dislodged from the steering column, causing Bryant Johnson to crash into a pole at the intersection of

West Florissant and Ferguson in St. Louis County, Missouri. Bryant Johnson died as a result of the injuries sustained in the crash.

Plaintiff brought this action against Ford alleging strict product liability for defective design, manufacture, assembly or installation of the steering wheel (Count I), and negligence in designing, manufacturing, selling, distributing, and failing to warn about the defective Vehicle (Count II).

In its Motion to Dismiss, Ford argues that the Court's exercise of personal jurisdiction over Ford in this case would violate Ford's constitutional due process rights. Specifically, Ford claims that (1) this Court lacks general jurisdiction over Ford because Ford is not "at home" Missouri; and (2) this Court lacks specific jurisdiction over Ford because Plaintiff's action does not arise out of or relate to Ford's contacts with Missouri. In support of its motion to dismiss, Ford submitted the July 3, 2019 affidavit of Ram Krishnaswami. Krishnaswami avers that Ford is in the business of designing and manufacturing new cars and trucks, is incorporated in Delaware, and has its principle place of business in Dearborn, Michigan. Krishnaswami further states that Ford's primary design and engineering decisions with respect to the Vehicle were made in Michigan and that the Vehicle was assembled in Mexico and sold to an independently-owned Ford dealership in Memphis, Tennessee.

## Discussion

**Legal Standard**

"To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must plead 'sufficient facts to support a reasonable inference that the defendant[] can be subjected to jurisdiction within the state.'" *Creative Calling Sols., Inc. v. LF Beauty Ltd.*, 799 F.3d 975, 979 (8th Cir. 2015) (quoting *K–V Pharm. Co. v. J. Uriach & CIA, S.A.*, 648 F.3d 588, 591-92 (8th Cir. 2011)). The Court views the evidence in a light most favorable to the plaintiffs and resolves factual conflicts in the plaintiffs' favor; however, plaintiffs carry the burden of proof and that burden does not shift to defendants. *Epps v. Stewart Info. Servs. Corp.*, 327 F.3d 642, 647 (8th Cir. 2003).

Personal jurisdiction may be either general or specific. *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773, 1780 (2017). "Specific jurisdiction refers to jurisdiction over causes of action arising from or related to a defendant's actions within the forum state, while general jurisdiction refers to the power of a state to adjudicate any cause of action involving a particular defendant, regardless of where the cause of action arose." *Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 593 (8th Cir. 2011). The Supreme Court has made clear that the "primary concern" in determining the presence of personal jurisdiction is "the burden on the

defendant." *Bristol-Myers*, 137 S. Ct. at 1780 (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980)).

**General Personal Jurisdiction**

"[O]nly a limited set of affiliations with a forum will render a defendant amenable to general jurisdiction in that State." *Bristol-Myers*, 137 S. Ct. at 1780 (quoting *Daimler AG v. Bauman,* 571 U.S. 117, 137 (2014) (quotation marks omitted)). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." *Daimler*, 571 U.S. at 137 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011) (quotation marks omitted). "The paradigm forums in which a corporate defendant is at home ... are the corporation's place of incorporation and its principal place of business ...." *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017) (quotation marks and citation omitted). Only in an "exceptional case" could "a corporate defendant's operations in another forum ... be so substantial and of such a nature as to render the corporation at home in that State." *Id.* (quotation marks and citation omitted).

As a preliminary matter, the Court addresses Plaintiff's argument that *Goodyear*, *Daimler*, and *BNSF* are so factually distinguishable from the instant case that "their holdings are inapplicable to the case at bar." The holdings in

5

*Goodyear*, *Daimler*, and *BNSF* are broadly applicable to the doctrine of personal jurisdiction. The factual differences identified by Plaintiff are inconsequential to the legal analysis undertaken in determining personal jurisdiction. For example, Plaintiff asserts that "the swaying factors in [*Goodyear*, *Daimler*, and *BNSF*] are that in each one, Plaintiff had no dealings in the State in which they sought to bring suit." However, general personal jurisdiction concerns only the *defendant*, specifically, where the defendant is "at home." *Goodyear* and its progeny are, indeed, applicable to this case.

Ford's place of incorporation is Delaware and its principal place of business is in Michigan, making it paradigmatically home in those states. In order to find that it has general jurisdiction over Ford, therefore, the Court would have to find this to be an "exceptional case," one in which the contacts between Ford and Missouri are "so substantial and of such a nature as to render [Ford] at home in" Missouri. *BSNF*, 137 S. Ct. at 158. Plaintiff argues that because Ford maintains a registered agent, contracts with dealerships, owns land, operates a plant, employs workers, manufactures vehicles, releases vehicles into the stream of commerce, advertises, and litigates in the State of Missouri, it should be subject to general jurisdiction in Missouri.[2]

---

[2] Plaintiff does not plead that the Vehicle was manufactured at Ford's Missouri plant or sold by Ford to a Missouri dealership.

However, "[a] corporation's 'continuous activity of some sorts within a state,' *International Shoe* instructed, 'is not enough to support the demand that the corporation be amenable to suits unrelated to that activity.' 326 U.S., at 318, 66 S. Ct. 154." *Goodyear*, 564 U.S. at 927. "[T]he general jurisdiction inquiry does not focus solely on the magnitude of the defendant's in-state contacts. . . . Rather, the inquiry calls for an appraisal of a corporation's activities in their entirety; [a] corporation that operates in many places can scarcely be deemed at home in all of them." *BNSF*, 137 S. Ct. at 1559 (quoting *Daimler*, 134 S. Ct., at 762, n. 20 (quotation marks and citations omitted)). The activities alleged by Plaintiff are insufficient to subject Ford to personal jurisdiction in Missouri for any and all actions brought against it. Even though Ford conducts substantial and continuous business in Missouri, Plaintiff has pleaded no facts examining Ford's Missouri contacts in the context of its entire corporate activity. Nothing before the Court evinces an exceptional situation wherein Ford is essentially "at-home" in Missouri. Ford is not subject to general, all-purpose jurisdiction in this state.

**Specific Personal Jurisdiction**

Specific personal jurisdiction can be exercised by a federal court in a diversity suit only if authorized by the forum state's long-arm statute[3] *and* permitted by the Due Process Clause of the Fourteenth Amendment. *Viasystems,*

---

[3] Because the Court finds that due process does not permit the exercise of specific personal jurisdiction over Ford, it does not address the applicability of Missouri's long-arm statute.

*Inc.*, 646 F.3d at 593 (emphasis added). Due process permits the exercise of specific personal jurisdiction over a non-resident defendant when three criteria are satisfied: "First, the defendant must have purposefully avail[ed] itself of the privilege of conducting activities within the forum State or have purposefully directed its conduct into the forum State. Second, the plaintiff's claim must arise out of or relate to the defendant's forum conduct. Finally, the exercise of jurisdiction must be reasonable under the circumstances." *Bristol-Myers*, 137 S. Ct. at 1785–86. Ford argues that the second criterion is not satisfied because Plaintiff's claims do not "arise out of or relate to" Ford's forum conduct.

Plaintiff claims that specific jurisdiction is proper because the accident resulting in the death of Bryant Johnson occurred in the forum. Supreme Court precedent dictates otherwise: "The proper question is *not where the plaintiff experienced a particular injury or effect* but whether the *defendant's conduct* connects him to the forum in a meaningful way." *Walden v. Fiore*, 571 U.S. 277, 290 (emphasis added). "For a State to exercise jurisdiction consistent with due process, the defendant's *suit-related conduct* must create a substantial connection with the forum State." *Id.* at 284 (emphasis added). Put another way, it is impermissible under due process to "allow[] a plaintiff's contacts with the defendant and forum to drive the jurisdictional analysis." *Id.* at 289. Accordingly,

the location of the Plaintiff's injury in Missouri does not confer the Court with specific personal jurisdiction over Ford.

Plaintiff also argues that Ford's in-forum marketing, sale of similar vehicles, and registration of an agent for service of process evidence that it purposefully availed itself to the laws of Missouri "such that it can reasonably anticipate being sued in Missouri." This argument goes hand in hand with Plaintiff's "stream of commerce" argument, wherein she claims that Ford's regular delivery of vehicles into the stream of commerce (and into the forum) may bolster specific jurisdiction.

In *Bristol-Myers*, the Supreme Court rejected the California Supreme Court's approach to specific personal jurisdiction which "relaxed" the necessary strength of the "connection between the form and the specific claims at issue" where a defendant had extensive forum contacts unrelated to those claims. 137 S. Ct. at 1781. Here, Plaintiff asks that the lack of connection between Missouri and the acts giving rise to the claims (the actual design, manufacture, etc. of the Vehicle) be disregarded due to Ford's substantial, yet unrelated contacts in Missouri. Plaintiff's allegation that Ford marketed and sold other Ford Fusions (the same model as the Vehicle here) in Missouri is not enough to show specific jurisdiction over the instant product liability and negligence claims. Exercising personal jurisdiction over Ford here would do nothing more than create the sort of

9

"loose and spurious general jurisdiction" condemned in *Bristol-Myers*. *Id.* This Court declines to do so.

Actual in-forum conduct by a defendant - not merely an unrelated third party, is necessary to establish specific personal jurisdiction. As Judge Limbaugh recently wrote:

> *Bristol-Myers*, therefore, expressly linked specific jurisdiction either to a foreign defendant's particular acts within the forum or the particular acts of its agent and/or alter-ego subsidiary/distributor. *Id.* at 1781-1783. There was no suggestion that mere expectation or knowledge of the effects of a distributing relationship sufficed to establish personal jurisdiction.

*A.T. Through Travis v. Hahn*, 341 F. Supp. 3d 1031, 1037 (E.D. Mo. 2018).

Here, the Vehicle was last distributed by Ford when it was sold to a dealership in Tennessee. There are no allegations that it ended up in Missouri by the acts of Ford, its agent, or its alter-ego. Because Ford did not commit particular acts connecting to the Vehicle, this forum, and this litigation, no specific personal jurisdiction over Ford exists in Missouri.

This Court cannot exercise specific jurisdiction over Ford as due process requires that a cause of action arise out of or relate to a defendant's conduct in a forum state; here, all relevant conduct by Ford occurred outside of the forum.

## Conclusion

Based upon the foregoing, the Court is without personal jurisdiction over Defendant Ford Motor Company.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Ford Motor Company's Motion to Dismiss [Doc. No. 5] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff M.J.'s claims are **DISMISSED** for lack of personal jurisdiction.

Dated this 4th day of September, 2019.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE